# Scranton Building Association, Plff. in Err., v. J. M. C. Ranck et al.

When, by a decision upon the report of a referee, a plaintiff is given an option to select one of two findings as the basis of judgment, or to permit the court to enter judgment on a third finding (none of such findings being such as the plaintiff claimed he was entitled to), and the plaintiff selects one of said two findings and directs judgment to be entered thereon accordingly—he cannot be heard to complain of his own act, and, hence, cannot maintain a writ of error upon the judgment so entered.

(Argued February 23, 1888.   Decided April 30, 1888.)

January Term, 1888, No. 68, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Error to the Common Pleas of Lackawanna County to review a judgment in an action by a building association against certain of its officers, to recover from them losses caused by their negligence and mismanagement.   Writ quashed.

The case was referred to W. W. Lathrope, Esq., under the act of April 6, 1869, and its supplements, who, having heard the

testimony, reported his findings of fact and conclusions of law thereon.

Among his conclusions of law, the referee reported as follows:

1. While directors of a corporation are vested with certain discretionary powers, yet they must exercise such powers honestly and with ordinary care and diligence. If they exercise them wantonly or with gross negligence, they will be liable for any injury that may be caused thereby. Directors serving without compensation are to be regarded as mandataries. They are not liable for ordinary negligence. Spering's Appeal, 71 Pa. 11, 21, 10 Am. Rep. 684.

2. A director or officer who is paid for his services, as J. M. C. Ranck was, is liable for ordinary negligence.

[6. The evidence of damage in this issue, should have been confined to acts of negligence done in the period from April 17, · 1873, to April 18, 1876; any evidence tending to charge the defendants with negligence prior or subsequent to that period is irrelevant. The defendants are not liable nor can any cause of action be established against them, in this issue, for any negligence of any boards of directors elected subsequently to April 18, 1876, although some of the defendants were elected and acted with such boards of directors.]    [1]

[7. Under the pleadings and evidence in this cause, there can be no recovery against any of the defendants for the loss to the plaintiff caused by the gross negligence of some of the defendants in prematurely declaring the stock of the first series matured, and in treating the same as matured and in profiting thereby, as set forth in the referee's seventh to fifteenth conclusions of fact.

J. M. C. Ranck, Sanford Grant, H. S. Pierce, A. J. Merrill, and Frederick Fuller who (with O. C. Moore, M. L. Alexander, and D. Bartholomew) were guilty of gross negligence would, in the opinion of the referee, be liable in this action for the loss that accrued therefrom to the plaintiff, if said negligence had occurred during the period covered by the original declaration (filed June 20, 1877). The allegations of negligence in that declaration are virtually confined to a period of three years, to wit, from April 17, 1873, until April, 1876. It alleges the election of the defendants as directors on April 17, 1873, and again in April, 1874, and that there was thereafter no election until

April, 1876, but does not state who were elected in 1876. It charges the defendants with negligence for the "term and space of many years," but it does not allege that they were directors after April, 1876. The first amended declaration filed May 17, 1883, alleged that all the defendants except Fritz and Bagley were re-elected directors in April, 1876. But the defendants then pleaded the statute of limitations. The loss, arising from prematurely declaring the stock of the first series matured and from so treating it, was not declared upon until the second amended declaration was filed in July, 1885. It was then set out in two counts: (1) As arising from misappropriation; and (2) as the result of negligence. The referee still thinks he was right in allowing the latter count, as it did not set out that the acts complained of occurred after April, 1876, and it came within the scope of the general allegations made in the original declaration. It did not therefore set up a new cause of action. But upon the trial it appeared that the acts complained of in this count, occurred in January, 1877, after the period originally declared upon, and more than six years prior to the time of filing the first amended declaration. The referee, therefore, considers the claim under this count barred by the statute. It was the fact that this negligence occurred after the period declared upon in the first declaration, and not the nature of the negligence that makes it a new cause of action. See Newlin v. Palmer, 11 Serg. & R. 101.

In Miller v. Frazier, 3 Watts, 456, an action for nuisance, an additional count for continuing the nuisance was allowed. But the statute of limitations did not come into consideration in that case. It has been repeatedly ruled that the court will never permit a party to shift his ground or enlarge its surface by introducing an entirely new and different cause of action, especially when by reason of the statute of limitations it would work an injury to the opposite party. Trego v. Lewis, 58 Pa. 463, 469; Kaul v. Lawrence, 73 Pa. 410, 416; Kille v. Ege, 82 Pa. 110; Leeds v. Lockwood, 84 Pa. 70, 73; Miller v. Bealer, 100 Pa. 584, 586.

The referee has reached this conclusion with reluctance, because if it stands unreversed, it leaves the plaintiff without a remedy for a great and disastrous wrong, but he sees no escape for it.] [2]

8. Under by-law 3 it was the duty of the secretary to see that

the judgments held by the association were revived. As he was elected by the stockholders, the other defendants are not liable for his default in this respect.

9. Therefore J. M. C. Ranck alone, of the defendants, is liable for the loss accruing to the association from the nonrevival within five years of a judgment against James Roach.

10. As J. M. C. Ranck was elected attorney of the association by the stockholders, the other directors are not responsible for any mistakes that he made as attorney, nor for his negligence in the discharge of his legal duties.

11. The plaintiff alleges a loss by reason of the nonrevival within five years of a judgment against Daniel Scholl. The evidence shows that the loss occurred by reason of a sheriff's sale of Scholl's real estate in October, 1874, at which the interests of the association were neglected. . . . But the referee is of the opinion that J. M. C. Ranck alone, of the defendants, is liable for the loss. He was the only salaried officer of the plaintiff. It was peculiarly his duty, both as secretary and attorney to attend to sheriffs' sales in which the association was interested.

12. J. M. C. Ranck alone, of the defendants, is liable for the loss on the loan to E. L. Riggs, resulting from taking a deed with parol defeasance as security, instead of a judgment lien or ordinary mortgage. It was his mistake as an attorney.

14. All the defendants served are liable for the loss resulting from their gross negligence, in making a loan to James Allen on insufficient security, in February, 1874.

15. All the defendants served, except G. W. Fritz, are liable for the loss resulting from their gross negligence in making a loan of $500 from the reserve fund to M. L. Alexander in April, 1875, on insufficient security, and renewing the same every three months during the succeeding year.

18. As the evidence shows that the defendants committed some acts of negligence severally, and not jointly, while others were committed jointly, the referee considers it proper to assess the damages accordingly. Cridland v. Floyd, 6 Serg. & R. 412, 416; Weakly v. Royer, 3 Watts, 464; Kennebec Purchase v. Boulton, 4 Mass. 419; Kempton v. Cook, 4 Pick. 305; Bosworth v. Sturtevant, 2 Cush. 392, 400; Knickerbacker v. Colver, 8 Cow. 111; Allen v. Craig, 13 N. J. L. 300.

19. The plaintiff, upon entering a *nolle prosequi* against all

the other defendants, is entitled to a judgment against J. M. C. Ranck not only for the acts of negligence committed by him severally but also for those committed by him jointly with the other defendants. And so also upon entering a *nolle prosequi* against G. W. Fritz, the plaintiff is entitled to a judgment against the other defendants served, not only for the damages resulting from the act of negligence in which Fritz did not join, but also for damages resulting from the joint negligence of all the defendants. See cases cited in Weakly v. Royer, 3 Watts, 465.

20. The plaintiff is entitled, at its election to one of three judgments as follows:

First. Upon entering a *nol. pros.* against all the other defendants, to a judgment against J. M. C. Ranck for the total of the sums following, to wit:

| | | |
|---|---:|---:|
| Amount of loss on loan to James Roach........ | $350 | 00 |
| Interest thereon from July 14, 1876, to September 14, 1886 ........................... | 213 | 50 |
| Amount of loss on loan to Daniel Scholl........ | 400 | 00 |
| Interest from May 1, 1876, to September 14, 1886. | 248 | 87 |
| Amount of loss on loan to E. L. Riggs.......... | 1,020 | 00 |
| Interest from July 1, 1878, to September 14, 1886. | 502 | 01 |
| Total damages for Ranck's several negligence.. | $2,734 | 38 |
| Amount of loss on loan to James Allen........ | 184 | 00 |
| Interest from February 1, 1875, to September 14, 1886 .................................. | 95 | 13 |
| Amount of loss on loan to M. L. Alexander...... | 500 | 00 |
| Interest from July 14, 1876, to September 14, 1886 | 306 | 00 |
| | $3,819 | 51 |

Second. Upon entering a *nol. pros.* as to G. W. Fritz, to a judgment against all the other defendants served for the total of the following sums, to wit:

| | | |
|---|---:|---:|
| Amount of loss on loan to James Allen.......... | $184 | 00 |
| Interest from February 1, 1878, to September 14, 1886 .................................. | 95 | 13 |
| Amount of loss on loan to M. L. Alexander...... | 500 | 00 |
| Interest from July 14, 1876, to September 14, 1886 | 306 | 00 |
| | $1,085 | 13 |

Third. Or to judgments against all the defendants, in the sum of $279.13, being the amount of the loss on loan to James Allen and interest thereon.

Exceptions to this report were filed by all parties, which exceptions were overruled, and the report affirmed, by the court, HAND, P. J., in an opinion which concluded as follows:

"We accept the ruling of the learned referee upon the matter of entering judgment and upon the cases cited by him. We have no exact precedent to guide us in a case like this. We are of the opinion, however, that if the plaintiff wishes to avail itself of either of the first two modes of entering judgment it must elect; otherwise we will enter judgment as required under the third direction of the referee. [We, therefore, direct the plaintiff by its counsel to elect by writing filed within ten days of filing this opinion upon the first and second directions of the referee, and in default thereof the prothonotary to enter judgment as required by the third direction.]" [3]

Thereupon, by precipe of attorneys for plaintiffs filed, a *nolle prosequi* was entered as to G. W. Fritz, and judgment directed to be entered against all the other defendants according to the second direction of the referee, to wit: *Nol. pros.* as to G. W. Fritz, and judgment against all the other defendants served for $1,085.13; and thereupon judgment was entered accordingly.

Plaintiff then took this writ, assigning as error: (1, 2) The overruling of its exceptions to the referee's sixth and seventh conclusions of law; and (3) the affirmance of the referee's report and the direction as to judgment, as set forth above.

*W. G. Thomas, C. R. Pitcher, F. C. Sturges,* and *Henry M. Hoyt* for plaintiff in error.

*S. B. Price* and *E. N. Willard* for defendants in error.

PER CURIAM:

The writ in this case must be quashed. The plaintiff had the option to select one of two findings by the referee, or permit the court to enter judgment on the third; it selected the second of these findings, and directed judgment to be entered accordingly. Having thus voluntarily adopted the judgment now under consideration, it cannot be heard to complain of its own act.

The writ is quashed.